**FILED**

SEP 29 2011

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

LYNETTE CUNY,                          )        CIV No.: 10-5081
                                       )
          Plaintiff,                   )
                                       )        **PROTECTIVE ORDER**
v.                                     )
                                       )
KEN SALAZAR, SECRETARY, U.S.           )
DEPARTMENT OF THE INTERIOR,            )
                                       )
          Defendant.                   )

Pursuant to the Stipulation for Protective Order, it is hereby

ORDERED that the Stipulation for Protective Order (Docket 19 ) is approved as to any

document(s) produced in discovery by Defendants in this action and that meet the following

categories:

    1.    The personnel files of William O'Connell, Edward Byhre, Norma Tibbitts and

        Justin Conroy.

The personnel files described above will be produced to Plaintiff's counsel, but will not

be disseminated to anyone including the Plaintiff unless the conditions further described herein

are fulfilled. Plaintiff's counsel, Shiloh MacNally, will review the personnel files for any

relevant information first. If Plaintiff's counsel finds information in the personnel files that she

deems relevant, she will discuss the matter with the Assistant United States Attorney

representing the United States in this case, and it will be determined at that point whether or not

the documents may be disclosed to the Plaintiff.

-1-

In addition to other restrictions on dissemination and use of the documents, and not by way of limitation, such documents shall not be disseminated or disclosed to any media entity, nor filed in open court without seal, nor disclosed to any member of the public, except as herein provided.

Documents produced pursuant to this protective order shall affix to the documents, by stamp or otherwise, a statement that the material is "Confidential."

In the case of transcribed hearings, transcribed files, deposition testimony or affidavits by the other party advising the other party in writing of the witness whose testimony is deemed to be "Confidential" and by designating what portion of the testimony, etc., is deemed "Confidential." Counsel may also orally designate portions of testimony or material during a deposition as "Confidential."

The parties and their counsel may utilize these documents in the instant litigation, and they may be disclosed to the parties, staff of parties' counsel and consultants or experts retained by either party provided that the United States first agrees in writing to such a disclosure or by Court Order. Each such person shall be informed of this agreement and agree to be bound by it.

The producing party waives any objection that the documents are true and correct copies of the documents requested by the requesting party, and that they are authentic. The producing party may assert any other objections, including relevancy. After receiving production of any document, and notwithstanding this agreement, counsel for either party may challenge at any time whether any particular document is entitled to protected status. Following the conclusion of the litigation all documents labeled confidential as well as the copies of such documents shall be returned to the producing party.

-2-

Dated this 29TH of September, 2011.

BY THE COURT:

JEFFREY L. VIKEN
U.S. DISTRICT JUDGE